IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, LOCAL 188 PENSION FUND; UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, LOCAL 188 HEALTH & WELFARE FUND; UNITED ASSOCIATION OF JOURNEYMAN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, LOCAL 188 ANNUITY FUND; UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO LOCAL 188, Plaintiffs, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 4:17-cv-145-JRH/GRS |
| v. | ) ) ) | CIVIL ACTION NO. |
| HUBBARD TARPLEY PLUMBING CO., LLC        Defendant. | ) ) ) ) | |

## COMPLAINT

Plaintiffs, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, Local 188 Pension Fund ("UA 188 Pension Fund"), United Association of Journeymen and Apprentices of the Plumbing and Pipe

1

Fitting Industry of the United States and Canada, AFL-CIO, Local 188 Health & Welfare Fund ("UA 188 Health & Welfare Fund"), United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, Local 188 Annuity Fund ("UA 188 Annuity Fund") and United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, Local 188 ("Local 188") through undersigned counsel, assert their Complaint against Defendant, Hubbard Tarpley Plumbing Company, LLC, as follows:

## JURISDICTION AND VENUE

1. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Jurisdiction and venue are conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §§ 185(a), 1132(a), (e), and (f).

## PARTIES

3. Plaintiff UA 188 Pension Fund is an employee pension plan as defined in § 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(2)(A)(i), jointly established by United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, Local 188 ("UA 188") and employers in an industry affecting commerce, whose employees are Union-represented for collective bargaining purposes, including the provision of retirement benefits.  UA 188 Pension Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  The Plan Administrator under ERISA is the Board of Trustees which is domiciled in Savannah, Georgia.

4. Plaintiff UA 188 Health & Welfare Fund is an employee welfare benefit plan as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), jointly established UA 188 and employers in an industry affecting commerce, whose employees are Union-represented for collective bargaining purposes, including the provision of medical and hospitalization benefits. UA 188 Health & Welfare Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Plan Administrator under ERISA is the Board of Trustees, which is domiciled in Savannah, Georgia.

5. Plaintiff UA 188 Annuity Fund is an employee pension benefit plan as defined by §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A), as the UA 188 Annuity Fund was established to provide retirement income to employees. The Annuity Fund was jointly established by UA 188 and employers in an industry affecting commerce, whose employees are Union-represented for collective bargaining purposes. UA 188 Annuity Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Plan Administrator under ERISA is the Board of Trustees, which is domiciled in Savannah, Georgia.

6. Plaintiff UA Local 188 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and an employee organization within the meaning of 29 U.S.C. § 1002(4). Local 188 is domiciled in Savannah, Georgia. It negotiated a project labor agreement as collective bargaining representation for employees, which, *inter alia,* obligated the Defendant to contribute fringe benefit payments to the Funds described above, as well as union dues and assessments authorized by affected represented employees for withholding and remittance to UA Local 188.

7. Defendant, Hubbard Tarpley Plumbing Company, LLC, (hereinafter referred to as the "Contractor"), is a limited liability company organized under the laws of the State of Georgia

and doing business in Georgia. On November 30, 2016, the Contractor entered into a project labor agreement with UA 188, which adopted a general Working Agreement. The project labor agreement and the adopted Working Agreement required the Contractor to submit remittance reports and pay fringe benefit contributions on behalf of covered employees to the Funds at the office of the Funds' Third-party Administrative Manager in Jacksonville, Florida. It also required remittance of union dues and assessments directly to UA Local 188 in Savannah, Georgia. The work performed by UA 188 – represented employees was performed in Savannah, Georgia and in the Southern District of Georgia.

## FIRST CAUSE OF ACTION

8. Plaintiffs hereby incorporate, by reference, paragraphs 1-7, inclusive.

9. A signatory employer is required to file remittance reports. A signatory employer calculates the payments it owes to the Plaintiffs from these reports and is required to remit said amounts with its report.

10. In December 2016, Contractor failed to submit Plaintiffs payments for the work period December 3, 2016 through December 15, 2016 as required by the project labor agreement.

11. Despite amicable demand by Plaintiffs and their counsel, the Contractor has failed to pay the amounts due.

12. Delinquent contributions and penalties are currently due and owing to Plaintiff Funds and further sums will become due as a result of the Contractor's continuing noncompliance. Specifically, contributions are due for the work period of December 3, 2016 through December 15, 2016, including late fees and interest.

13. Plaintiff Funds are entitled to the unpaid contributions under §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145 and § 301 of the LMRA, 29 U.S.C. § 185. In addition to the unpaid

contributions, the Plaintiffs are entitled to the following, pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

    (a)    Interest on the unpaid contributions;

    (b)    Liquidated damages;

    (c)    Reasonable attorney's fees and costs of litigation; and

    (d)    Any other legal or equitable relief this Court deems appropriate.

## SECOND CAUSE OF ACTION

14. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 13, inclusive.

15. Plaintiff UA Local 188 is entitled to all unpaid union dues and assessments withheld from the regular pay of represented employees, with interest.

16. In December 2016, the Contractor failed to submit or timely submit the requisite remittance reports and payments to the Plaintiffs for work performed by employees covered by the project labor agreement.

17. The Plaintiffs are authorized and empowered under the project labor agreement and duly adopted rules and regulations to examine and copy the payroll books and records of any signatory employer in order to determine whether or not such employer is accurately complying with the contribution obligation established under the collective bargaining agreement.

18. Plaintiffs are entitled to recover all costs incurred in exacting compliance with the applicable agreements, in procuring an audit of the Contractor's payroll records, costs include the cost of an actual audit and attorney's fees and costs, and any additional litigation expenses.

## THIRD CAUSE OF ACTION

19. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 18, inclusive.

20.     The Contractor has violated and continues to violate its obligations to the Plaintiffs under applicable law by refusing to satisfy its obligations to promptly remit all delinquent remittance reports and contributions from December 2016.  Due to the described refusal and breach of agreement by the Contractor, Plaintiffs are unable to determine the extent to which the Contractor is not in compliance with the applicable collective bargaining agreement, and is unable to fully determine the benefits accrued by Union members who have worked and are now working in covered employment with the Contractor.

21.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless the Contractor is ordered to specifically perform all of its obligations owed to the Plaintiffs and is restrained from continuing to refuse to perform.

   WHEREFORE, Plaintiffs request judgment against Defendant requiring it to: pay all contributions due to Plaintiffs, together with interest, liquidated damages, attorney's fees, and costs; submit to an audit by Plaintiffs' auditors, for the period of October 2008 to present; pay the audit fees; and to specifically perform its obligations to the Plaintiffs.

        Respectfully submitted,


        */s/Tessa A. Warren*
        Tessa A. Warren (GA Bar No. 435157)
        Quinn, Connor, Weaver, Davies & Rouco LLP
        3516 Covington Highway
        Decatur, Georgia 30032
        Tel – 404-299-1211
        Fax – 404-299-1288

                                        Louis L. Robein (La. Bar No. 11307)
                                        Kevin R. Mason-Smith (La Bar No. 31394)
                                        Robein, Urann, Spencer, Picard & Cangemi, APLC
                                        2540 Severn Avenue, Suite 400 (70002)
                                        P.O. Box 6768
                                        Metairie, Louisiana 70009-6768
                                        Telephone (504) 885-9994
                                        Fax (504) 885-9969

                                        *Attorneys for Plaintiffs*

PLEASE SERVE:

Hubbard Tarpley Plumbing Company, LLC
Through its registered agent
Ashley H. Vaught, Esq.
22 East 34th Street
Savannah, Georgia 31401

Jimmy Tarpley
9604 Dunwoody Drive
Savannah, Georgia 31406

## CERTIFICATE OF SERVICE

        This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 4th day of August, 2017, on the following:

| | |
|---|---|
| Jacon J. Lew | Edward Hugler, |
| Adam J. Szubin | Secretary of Labor |
| Secretary of the Treasury | U.S. Department of Labor |
| 15th and Pennsylvania Avenue, N.W. | 200 Constitution Avenue, N.W. |
| Washington, DC  20220 | Washington, DC 20002 |

                                        */s/Tessa A. Warren*
                                        Tessa A. Warren